The **STATE of Texas, Appellant,**

v.

**Ernesto TELLES, Appellee.**

No. 08-94-00132-CR.

Court of Appeals of Texas, El Paso.

Dec. 29, 1994.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Jaime Olivas, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

**OPINION**

LARSEN, Justice.

The State of Texas appeals the trial court's dismissal of Ernesto Telles's DWI charges

following denial of the State's motion for continuance based upon unavailability of witnesses. We vacate the order of dismissal and remand for trial.

### FACTS

Ernesto Telles was charged by information with the misdemeanor of driving while intoxicated. The case was set for trial in El Paso County Court at Law # 4 on April 28, 1994. That day, the case was called and defendant announced ready for trial. The State, however, made an oral motion for continuance because the arresting officers were on vacation, and the State had released its other witnesses, apparently assuming the continuance would be granted. Defense counsel made an oral motion to dismiss the charges. After some discussion, the trial court stated:

> Counsel, at this time, I will take under advisement the State's motion for a continuance based on the failure of the witnesses to appear. If it is determined that the subpoenas were issued and served and they have ignored them, the continuance will be granted. If it's determined that the subpoena for some reason has not been served due to some lack of diligence on the State, the motion to dismiss will be granted.

The court further stated "[w]ell, counsel, as it stands right now, [the case] will be disposed of today without the necessity of a trial, one way or the other ... [e]ither by continuance or by dismissal." On May 4, 1994, the trial court entered its order of dismissal, stating the following:

> On this day came on to be considered the Defendant's Motion to Dismiss in the above styled and numbered cause. The Court, after having found that Defendant announced ready for trial, and was present to proceed with trial on the 28th day of April, 1994, and the STATE OF TEXAS, through its Assistant District Attorney, was not ready to proceed with trial, requesting a continuance; the Court additionally having found that no good cause

existed for the continuance and the STATE OF TEXAS voluntarily excused the STATE's witnesses from trial without notifying the Court or opposing counsel.

> It is THEREFORE ORDERED, ADJUDGED AND DECREED that Cause No. 93–0C01281, charging Defendant ERNESTO TELLES with Driving While Intoxicated, is hereby DISMISSED.

The State appeals.

### AUTHORITY TO DISMISS

 In a single point of error, the State urges that the trial court has no inherent power to dismiss a prosecution, and has no constitutional, statutory or common law power to dismiss an action under the circumstances here absent the prosecutor's consent. We agree. In this state, responsibility for criminal prosecutions is vested in the district and county attorneys, and not in trial judges. *Ramirez v. State,* 842 S.W.2d 796, 798 (Tex. App.—El Paso 1992, no pet.). Absent specific authorization,[1] a trial court does not have the general authority to dismiss a case unless requested by a prosecutor. The Court of Criminal Appeals has held on this question:

> [E]xcept in certain circumstances, a court does *not* have the authority to dismiss a case unless the prosecutor requests a dismissal. We also hold that there is no inherent power to dismiss a prosecution, since dismissal of a case does not serve to 'enable our courts to effectively perform their judicial functions and to protect their dignity, independent and integrity.' *State v. Johnson,* 821 S.W.2d 609, 613 (Tex.Crim. App.1991), *quoting Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979) [Emphasis in original].

It is clear that, although the trial court was well within its discretion in denying the State's motion for continuance, it had no authority to dismiss the DWI prosecution against Mr. Telles. The trial court was not without recourse in this situation. The proper procedure, upon denial of a motion for

---

1. The trial court possesses authority to dismiss criminal charges under certain limited circumstances, for example, where defendant has been denied a speedy trial, where there is a defect in the charging instrument, or where a defendant is detained without charges. These dismissals are authorized by common law or statute, however, and do not give rise to general authority to dismiss. *State v. Johnson,* 821 S.W.2d 609, 612 n. 2 (Tex.Crim.App.1991).

continuance, would be to call the case to trial, and without witnesses to prove the State's case, enter a judgment of acquittal. *Johnson*, 821 S.W.2d at 614 n. 8. The court could not, however, dismiss the prosecution in the manner it attempted, and its order purporting to do so is void. *Id.*

## CONCLUSION

The State's point of error is sustained, the trial court's order of dismissal is vacated, and the case is remanded for further proceedings.