The STATE of Texas, Appellant,

v.

Kendrick Jerome ROBERTS, Appellee.

No. 12–95–00128–CR.

Court of Appeals of Texas,
Tyler.

Sept. 30, 1996.

Chris Harrison, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

This is an appeal by the State of Texas ("the State"), from a trial court's dismissal with prejudice of an indictment against Kendrick Jerome Roberts ("Roberts"), for the crime of attempted murder. The State attacks the dismissal in a single point of error. We will reverse and remand the decision of the trial court.

Roberts was indicted for attempted murder after a shooting which occurred on February 28, 1994. At a docket call on January 17, 1995, almost one year after Roberts was jailed, a trial judge denied the State's motion for a continuance and set the case for trial. The State then reindicted Roberts on January 19, 1995 to allege a different manner of committing the crime. At a docket call before the trial judge on January 20, 1995, the State renewed its motion for continuance on the case set for trial. The judge denied the motion but granted the State's motion to dismiss the first indictment.

The case was called for trial on the second indictment on April 10, 1995, at which time the State asked for a continuance once again. The trial judge (a second trial judge) refused to grant the continuance, and the State moved to dismiss the case. After the following discussion, the trial court told the State that the case would go to trial or be dismissed "with prejudice":

COURT: ... I'm going to deny your motion to dismiss.

STATE: Judge, I thought you had already granted the motion.

COURT: Well, I was under the impression that I could do that with prejudice. But since I can't, I'm going to . . .

DEFENSE: You can dismiss with prejudice. If they don't want to continue it, we either go to trial or we dismiss.

COURT: We'll go to trial.

DEFENSE: Then I'm ready.

STATE: Judge, I'm still moving for dismissal.

DEFENSE: Then we would ask that it be with prejudice. They can't prove their case. . . .

COURT: We will go to trial or it's going to be dismissed with prejudice.

STATE: I mean, you'll just have to dismiss it, your Honor. I mean, I'm not ready. That's why I filed a continuance.

DEFENSE: We would ask that it be dismissed with prejudice then, your Honor.

COURT: Dismissed with prejudice.

The dismissal order, dated April 10, 1995, was signed by the prosecutor next to the phrase, "Per Assistant D.A." The printed language of the dismissal order declared only that the case was "hereby dismissed," but the judge added by interlineation the following phrase: "with prejudice since State refused to go to trial and this case had previously been dismissed and refiled." The record does not reflect when the prosecutor's signature or the judge's interlineation on the order were made.

The State then indicted Roberts for a third time. Roberts filed a motion to dismiss the new indictment, and at the hearing on that motion on June 6, 1995, the trial judge ruled that because of the dismissal with prejudice of the earlier indictment and the fact that the State did not attempt to appeal that dismissal, jeopardy barred any further prosecution of the case. It is from the trial court's granting of Roberts' motion to dismiss the third indictment that the State brings this appeal.

In its sole point of error, the State contends that the trial court erred in granting Roberts' motion to dismiss the reindictment (the third indictment) because the dismissal with prejudice of the second indictment was void and jeopardy had not attached in the case. In its brief, the State argues that the trial court's action in dismissing the second indictment was void because the court lacked authority to dismiss a criminal case *with prejudice*. Roberts asserts four lines of argument against the State's position:

1. The State waived any claim of error here because it agreed to the dismissal with prejudice after the trial court denied its motion for continuance and gave it a choice of either going to trial or dismissing with prejudice.

2. The State failed to preserve error because it did not object to the dismissal with prejudice or attempt to appeal it. The State cannot be allowed to ignore that dismissal, reindict the defendant, and then appeal the dismissal of that indictment.

3. The trial court did have the authority to dismiss with prejudice in this case because the State requested it.

4. The trial court has the authority to dismiss a case with prejudice.

■ Roberts' first and third arguments depend on the determination of the only significant fact disputed in this case: whether the State consented to the dismissal with prejudice. Roberts argues that the State acquiesced by signing the order and agreeing in open court to the dismissal with prejudice. The State argues that it sought and agreed to a dismissal but not a dismissal with prejudice, and that the judge's interlineation of the "with prejudice" language occurred after the prosecutor signed the order. We cannot determine from the record when the court's interlineation and the prosecutor's signature were made, but there is nothing in the quoted colloquy to suggest that the State agreed to an action it now claims was "void *ab initio*." The prosecutor did file a motion to dismiss and, as the discussion quoted above indicates, even thought the court had granted it at one point; however, we cannot say that he agreed to a dismissal with prejudice or intended to confer upon the trial court the authority to do so. The State's securing of a third indictment of Roberts alone argues

strongly against such a conclusion. Given these facts, along with the prosecutor's protestations to the trial court, we hold that the evidence is insufficient to support the conclusion that the State agreed to the court's dismissal with prejudice.

 Roberts' second line of argument rests on the notion that the State failed to preserve error for this appeal because it did not appeal the dismissal with prejudice. At the June 6th hearing, the trial judge stated on the record that because the State did not appeal the alleged dismissal with prejudice, jeopardy barred the third indictment. The courts of Texas have traditionally held that jeopardy attaches when the jury is impaneled and sworn. *See Brown v. State,* 907 S.W.2d 835, 839 (Tex.Cr.App.1995); *State v. Torres,* 805 S.W.2d 418, 420 (Tex.Cr.App.1991); *Hinojosa v. State,* 875 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1994, no pet.). This case was dismissed before a jury was chosen. In fact, the case never proceeded to jury *voir dire* on any of the indictments. We note that the mere dismissal of an indictment (without prejudice) prior to trial does not raise jeopardy concerns because the State is generally free to reindict the accused. *Serna v. State,* 882 S.W.2d 885, 888 (Tex.App.—Corpus Christi 1994, no pet.) (citing *Proctor v. State,* 841 S.W.2d 1, 3 (Tex.Cr.App.1992).

 The State argues that jeopardy did not attach here because the dismissal with prejudice was "void *ab initio*" and could therefore be disregarded. When a trial court renders a judgment but lacks jurisdiction to render that particular judgment, the judgment is void. *Hoang v. State,* 872 S.W.2d 694, 698 (Tex.Cr.App.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 177, 130 L.Ed 2d 112 (1994); *Adams v. State,* 827 S.W.2d 31, 33 (Tex.App.—Dallas 1992, no pet.). Accordingly, it is has been held that in some circumstances a trial court's order of dismissal is void if the trial court exceeds its authority in dismissing a case without the prosecutor's consent or in prohibiting reindictment after dismissal. *See State v. Anderson,* 119 Tex. 110, 26 S.W.2d 174, 179 (Tex.Cr.App. 1930) (dismissal without State's consent was void); *State v. Johnson,* 821 S.W.2d 609, 615 (Tex.Cr.App.1991) (Clinton, J., concurring) (dismissal without State's consent was void); *State v. Telles,* 890 S.W.2d 561, 562 (Tex. App.—El Paso 1994, no pet.) (dismissal without State's consent was void); *State v. Fass,* 846 S.W.2d 934, 935 (Tex.App.—Austin 1993, no pet.) (dismissal with prejudice was void). A void judgment of a trial court "need not be respected" and may be disregarded by a trial court seeking successive prosecution. *Hoang,* 872 S.W.2d at 698.

Consequently, a determination of the jeopardy issue in this case turns on whether the dismissal with prejudice was void, which in turn depends upon whether the trial court had the authority to dismiss the case with prejudice. In the fourth and final prong of his argument against the State's point of error, Roberts asserts that the courts have such authority.

The Texas Court of Criminal Appeals addressed this question of law in a mandamus action[1] in which the Harris County District Attorney complained of a pre-trial order dismissing "with prejudice" the State's indictments against six defendants and of the trial judge's verbal instructions prohibiting any refiling of the cases. *State ex rel. Holmes v. Denson,* 671 S.W.2d 896, 898 (Tex.Cr.App. 1984). In that case the defendants had filed motions in the trial court "to dismiss with prejudice," alleging that an essential part of the statute under which they were indicted was unconstitutional. The Court of Criminal Appeals considered the question thusly:

> ... whether a trial judge may go beyond his order dismissing criminal indictments and instruct the district attorney not to further proceed with future charges arising from the same? We answer in the negative and we specifically hold that respondent usurped his authority in invading

---

**1.** In 1987, Article 44.01 of the Texas Code of Criminal Procedure was amended to allow the State the right to appeal the dismissal of an indictment. Tex.Code Crim.Proc. art. 44.01(a)(1) (Vernon Supp.1996). In this instance, the State could have appealed the trial court's dismissal of the second indictment "with prejudice," but it chose instead to ignore the order and reindict Roberts.

the exclusive province of the applicant [the State].

*State ex rel. Holmes v. Denson,* 671 S.W.2d at 900. The court held that mandamus lay as to the trial court's prohibition of reindictment and instructed the trial court to vacate the offending part of its order. *Id.*

In a later case involving a related issue, the Court of Criminal Appeals provided an in-depth analysis of the limits of the trial court's authority and held that a trial court may exceed its authority merely by dismissing a case when the State has not requested a dismissal. In *State v. Johnson,* 821 S.W.2d 609 (Tex.Cr.App.1991), the trial court dismissed a case on the defendant's motion when the prosecutor failed to appear in court at the time the case was called for trial. The procedural chain of events after that point is similar to the instant case. The State filed another complaint and information in a court with concurrent jurisdiction charging the defendant with the same offense, and the defendant filed a motion to dismiss, alleging due process and other constitutional violations. The second court dismissed the case, "holding that the State's decision not to appeal the first dismissal implied its acquiescence to that first dismissal, so the State could not continue its prosecution ... by simply filing the same charge in another court." *Johnson,* 821 S.W.2d at 610–611. The State then appealed the second dismissal.

The Court of Criminal Appeals held that the trial courts lacked any authority to dismiss the case without the State's consent. The court noted that the power of the trial courts is limited and that they "may take a particular action only if that action is authorized by constitutional provision, statute, or common law, or the power to take action arises from an inherent or implied power."

*Id.* at 612. The court observed that except in certain limited circumstances, a court has no authority under the common law "to dismiss a case unless the prosecutor requests a dismissal." *Id.* at 613. Furthermore, the court held that there were no statutory or constitutional provisions or any inherent power of the courts which would confer such a right in contravention of the common law. *Id.* "In sum, there is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent." *Id.; accord, State v. Telles,* 890 S.W.2d 561, 562 (Tex.App.—El Paso 1994, no pet.).

The Court of Criminal Appeals acknowledged, however, that in certain limited circumstances a trial court has the power to dismiss without the State's consent, such as when there is a defect in the charging instrument or when a defendant has been denied a speedy trial. *Johnson,* 821 S.W.2d at 612, note 2.[2] In his brief to this Court, Roberts asserts that the courts also may dismiss "with prejudice" when there has been a violation of the defendant's Sixth Amendment right to counsel. In *State v. Frye,* 846 S.W.2d 443 (Tex.App.—Houston [14th Dist.] 1992), *affirmed,* 897 S.W.2d 324, 325 (Tex.Cr. App.1995), the court of appeals held that dismissal of the indictment with prejudice was the proper remedy where there was "egregious prosecutorial misconduct" which violated the defendant's constitutional right to counsel and where the harm could not "be remedied by the mere suppression of the evidence or information obtained thereby."[3] *Frye,* 846 S.W.2d at 444–445.

The concerns presented in *Frye* are not present here; neither does this case involve any of the other accepted situations in which a court may dismiss a case with prejudice. As the Court of Criminal Appeals held in *Denson,* the trial court here had no authority

---

**2.** While Roberts' counsel did mention to the court that Roberts had been in jail awaiting trial for nearly a year, he did not file a motion to dismiss on those grounds. To complain of a violation of his constitutional right to a speedy trial, Roberts was required to have filed a motion asserting that right before the court and, among other things, show prejudice resulting from the delay of his trial. *See Meshell v. State,* 739 S.W.2d 246, 256 (Tex.Cr.App.1987). Roberts did not raise this issue before the trial court.

**3.** In *Frye,* the prosecutor's office had contacted the defendant and had interviewed her in the absence of her counsel concerning her case and her counsel's trial strategy. The court of appeals noted that the usual remedy, the exclusion of the tainted evidence, would have been insufficient in that case because the prosecutor's action tainted the defendant's whole case.

to dismiss the second indictment with prejudice. We agree with the State that because the trial court lacked the authority to dismiss the case against Roberts with prejudice, the order by the trial court was void. *See Anderson*, 26 S.W.2d at 179; *Johnson*, 821 S.W.2d at 615 (Clinton, J., concurring); *Telles*, 890 S.W.2d at 562; *State v. Fass*, 846 S.W.2d 934, 935 (Tex.App.—Austin 1993, no pet.).

The dismissal itself was not void. Only the judge's interlineation of "with prejudice" was void; the actual *dismissal* of the second indictment, which was requested by the State, was valid, and only the void portion may be disregarded. At least one other court of appeals has held similarly and reformed a dismissal order to invalidate that part of it which claimed to be "with prejudice." *State v. Pierce*, 816 S.W.2d 824, 831 (Tex.App.—Austin 1991, no pet.). ("The order granting the motion to quash is reformed to delete the phrase 'with prejudice.' "); *see also, Fass*, 846 S.W.2d at 936.

The facts before the court of appeals in *Fass* were similar to those presented here. There, the State appealed a dismissal of an indictment that purported to be "with prejudice," but the appeal was itself dismissed for want of prosecution. The State then reindicted the accused, and the trial court dismissed the case, stating that because the case charged the same conduct as the earlier indictment, "this court declines to exercise further jurisdiction over the subject matter and person of the Defendant...." On appeal, the State asserted as the State does here that the trial court's earlier dismissal exceeded its authority and that the State was therefore free to refile the case within the time allowed by law. The court of appeals held that "the order dismissing [the first case] was void to the extent that it sought to prohibit the State from filing a new information." *Fass*, 846 S.W.2d at 935. The appellate court reversed the trial court's dismissal of the second indictment, reasoning as follows:

> [i]f the State had not abandoned its appeal of the order dismissing the original information, this Court would have done what it later did in *Pierce*, a substantially identical case: reformed the dismissal order to delete the phrase "with prejudice," affirmed

the order as amended, and remanded the cause for further proceedings which might include the filing of a new complaint and information. Appellee is in the same position he would have been in had the State actively pursued the original appeal or, for that matter, had the State chosen not to appeal at all.

*Fass*, 846 S.W.2d at 936 (citation omitted). This holding also comports with the language used by the Court of Criminal Appeals in *Denson*, in which that court instructed the trial court to "vacate that portion of his prior orders pertaining to the refiling of criminal complaints." *Denson*, 671 S.W.2d at 900.

We hold that the portion of the April 10, 1995 dismissal order which sought to restrain the State from any further prosecution of the charge against Roberts (the "with prejudice" language) was void. In other words, the second indictment was indeed dismissed at the request of the State at the April 10th hearing, but it was not dismissed with prejudice. Therefore, the trial court erred in dismissing the State's reindictment of Roberts (the third indictment) at the June 6th hearing. The State's point of error is sustained.

The trial court's dismissal of the third indictment, cause number 4–95–348, is reversed and remanded for proper disposition in accordance with the opinion of this Court.