COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN RE: THE STATE OF TEXAS, | § | No. 08-11-00373-CR |
| | § | AN ORIGINAL PROCEEDING |
| RELATOR. | § | IN MANDAMUS |
| | § | |

**O P I N I O N**

The State of Texas (the "State"), Relator, filed a petition for writ of mandamus against the Honorable Patrick Garcia, Judge of the 384th District Court. Judge Garcia entered an order requiring the State to issue subpoenas for all of its witnesses and prohibiting the State from calling any witness "informally," *i.e.*, a witness who has not been subpoenaed. For the reasons set out below, we conditionally grant the State's petition for writ of mandamus.

**FACTUAL AND PROCEDURAL BACKGROUND**

Eric Barajas, the Real Party in Interest, is a criminal defendant represented by counsel. Real Party in Interest filed a motion to suppress and issued a subpoena to compel the attendance of Holly Lytle, Dr. Juan Contin, Kenneth Krohn ("Krohn"), and Irene Santiago. Krohn responded by filing a motion to quash his subpoena. The District Attorney's Office and the County Attorney's Office moved to quash the other subpoenas. It appears that the various motions to quash were based on the argument that the witnesses could not provide relevant and material testimony to the motion to suppress. Judge Garcia set the motions to quash and motion to suppress for a hearing.

At the hearing, counsel for Real Party in Interest complained that she could not file motions to quash the State's witnesses because the State had not issued subpoenas for its

witnesses who were police officers because the police "just come when they're called," and that Real Party in Interest did not have the authority to "pick up the phone" and produce police officers to testify. Counsel further complained that Krohn had been successful in quashing a subpoena she issued in an unrelated case because of technical deficiencies in her application and she believed she should have the same opportunity to object to a subpoena issued on the State's request.

The trial court responded by ordering the State to issue subpoenas for all of its witnesses in the case. Further, the court prohibited the State from informally calling any witnesses to testify. The order reflects that the court did so in order for the defendant to "have an opportunity to file motions to quash" any subpoenas issued by the State.

## DISCUSSION

The State argues that the trial court exceeded its constitutional and statutory authority when it abridged the District Attorney's exclusive prosecutorial function by ordering it to issue subpoenas for its witnesses and by prohibiting the State from calling a witness who would appear voluntarily without the necessity for a subpoena. The State argues that because the trial court had no constitutional or statutory basis to enter such an order, and because the State has no adequate remedy at law, the State is entitled to mandamus relief.

### I.     Standard of Review

A party seeking a writ of mandamus in a criminal case must make two showings: (1) that there is no adequate remedy at law to redress the alleged harm; and (2) that the act the relator seeks to compel must be ministerial rather than discretionary in nature. *See e.g. Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig. proceeding); *In re State*, 304 S.W.3d 581, 583 (Tex.App.—

2

El Paso 2010, orig. proceeding). Mandamus relief is appropriate when a trial court enters an order for which it has no statutory authority to enter. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex.Crim.App. 1984)(orig. proceeding). A matter is ministerial in nature if the law clearly spells out the duty to be performed with such certainty that nothing is left to the exercise of discretion or judgment. *State ex rel Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex.Crim.App. 1994)(orig. proceeding). Mandamus is appropriate if a judge acts beyond his statutory authority or if a district judge enters an order for which he has no statutory authority. *State ex rel. Holmes*, 671 S.W.2d at 899.

## II.     The Code of Criminal Procedure

Chapter 24 of the Code of Criminal Procedure addresses subpoenas and attachments. Article 24.01 authorizes the issuance of a subpoena to summon a person to appear:

(1) before a court to testify in a criminal action at a specified term of the court or on a specified day; or
(2) on a specified day:
(A) before an examining court;
(B) at a coroner's inquest;
(C) before a grand jury;
(D) at a habeas corpus hearing; or
(E) in any other proceeding in which the person's testimony may be required in accordance with this code.

TEX.CODE CRIM.PROC.ANN. art. 24.01 (West 2009).

Chapter 24 authorizes a defendant or the State to obtain a subpoena to secure the presence of witnesses whose testimony is material to their case. *Martin v. Darnell*, 960 S.W.2d 838, 840 (Tex.App.--Amarillo 1997, no pet.). Nothing in Chapter 24 prohibits the voluntary appearance of a witness at a trial or in any other proceeding where a party might be called to testify. Further, in that Chapter nothing requires a party, either the defendant or the State, to issue subpoenas for the witnesses the party wishes to call at trial. Of course, if a witness who was not subpoenaed chooses not to appear, the party who desired their testimony will be unable

3

to compel their attendance and will have no remedy.

### III. Order Invades Exclusive Prosecutorial Discretion of the District Attorney

The office of the district attorney is constitutionally created and protected. TEX.CONST. Art. V, sec. 21. The duties of district attorneys are set out in the Code of Criminal Procedure, and include representing the State in all criminal cases in the district court. TEX.CODE CRIM.PROC.ANN. art. 2.01(West 2005). Consequently, the district attorney's authority "cannot be abridged or taken away." *Landers v. State*, 256 S.W.3d 295, 303-04 (Tex.Crim.App. 2008). An obvious corollary to a district attorney's duty to prosecute criminal cases is the utilization of his own discretion in the preparation of those cases for trial. *Meshell v. State*, 739 S.W.2d 246, 254 (Tex.Crim.App. 1987). The *Meshell* court held that under the separation of powers doctrine, the state legislature may not move or abridge a district attorney's exclusive prosecutorial function, absent authorization by an express constitutional provision. *Id.* at 254-55.

The judicial power of the state of Texas is set out in the Texas Constitution and the core of this power includes the power: (1) to hear evidence; (2) to decide issues of fact raised by the pleadings; (3) to decide relevant questions of law; (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence. *State v. Williams*, 938 S.W.2d 456, 458-59 (Tex.Crim.App. 1997), *citing Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239-40 (Tex.Crim.App. 1990). In contrast, the decision to call witnesses is generally considered a matter of trial strategy. *See e.g. Rodd v. State,* 886 S.W.2d 381, 384 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd); *State v. Thomas,* 768 S.W.2d 335, 337 (Tex.App.--Houston [14th Dist.] 1989, no pet.). In a similar vein, the decision to subpoena a defense witness or to request that the trial court order a witness to return is a matter of trial strategy. *Robertson v. State*, 2002 WL 31236391, *1 (Tex.App.--Houston [1st Dist.] 2002, no pet.).

4

Several cases have addressed situations where a trial court's order invaded the prosecutor's discretion to prosecute a case as he or she deems appropriate. For example, a trial court does not have the authority to instruct the district attorney not to re-file criminal charges after a dismissal. *State ex rel. Holmes*, 671 S.W.2d at 899-900. A trial court does not have authority to restrain a district attorney from presenting evidence to a grand jury. *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 427-28 (Tex.Crim.App. 1990). A trial court does not possess the general authority to dismiss a case unless requested by a prosecutor. *State v. Johnson*, 821 S.W.2d 609, 613 (Tex.Crim.App. 1991); *State v. Telles*, 890 S.W.2d 561, 562 (Tex.App.--El Paso 1994, no pet.).

We have been unable to find a case which directly addresses the issue before this Court, rendering it an issue of first impression. We note an observation made by the Fort Worth Court of Appeals: "[a] criminal defendant need not subpoena himself in order to secure his own testimony." *Fogle v. State*, 988 S.W.2d 891, 895 (Tex.App.--Fort Worth 1999, pet. ref'd). While this statement was made in a discussion of alleged error by the prosecutor's mention of the accused's failure to testify, the principle is sound and applicable. It is also a logical application of the principle that the decision to call a particular witness is a matter of trial strategy. The State of Texas need not subpoena itself in order to secure the testimony of voluntary witnesses. The trial court exceeded the bounds of its constitutional and/or statutory authority by requiring the State to subpoena all of its witnesses.

### IV.   No Adequate Remedy by Appeal

Real Party in Interest argues that the State could appeal if Real Party in Interest is convicted and if he chooses to appeal. Article 44.01(c) of the Texas Code of Criminal Procedure provides that the State is entitled to appeal a ruling on a question of law if the defendant is

convicted in the case and appeals the judgment. However, an appellate court would not reach the State's issue on direct appeal unless it had found reversible error in the defendant's appeal. *See Armstrong v. State*, 805 S.W.2d 791, 793-94 (Tex.Crim.App. 1991). That is certainly not an adequate remedy, as it requires the defendant to appeal in order to grant the State an appeal right. We conclude that the State has met its burden of establishing that it has no adequate remedy by appeal.

## CONCLUSION

In their briefs, neither party raised the issue of the trial court's authority to require the State or the defense to disclose and/or file proposed witness lists, so we do not address that issue.

The State, like the defendant, is given the power to issue subpoenas by the Code of Criminal Procedure. However, the State, like the defendant, is not *required* to issue subpoenas for its witnesses. Likewise, no statute or rule prohibits the State or the defendant from calling a witness who has not been subpoenaed. The trial court had no authority to order the District Attorney to subpoena all of its witnesses.

For these reasons, we conditionally grant the State's petition for mandamus and direct the trial court to vacate its order of November 18, 2011. The writ shall issue only if the trial court fails to act in accordance with this opinion.

June 6, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Publish)

6