COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
  
 IN RE:  THE STATE
 OF TEXAS,
  
 RELATOR.
 
 
 §
  
 §
  
 §
 
 
  
 
 
 
 No. 08-11-00373-CR
  
 AN ORIGINAL
 PROCEEDING
 
 
 
 
  
 IN MANDAMUS
 
 
 
 
 
 
 
 
  
 
 
 §
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


O P I N I O N

 

            The
State of Texas (the “State”), Relator, filed a petition for writ of mandamus
against the Honorable Patrick Garcia, Judge of the 384th District Court.  Judge Garcia entered an order requiring the
State to issue subpoenas for all of its witnesses and prohibiting the State
from calling any witness “informally,” i.e.,
a witness who has not been subpoenaed. 
For the reasons set out below, we conditionally grant the State’s
petition for writ of mandamus.

FACTUAL AND PROCEDURAL BACKGROUND

            Eric
Barajas, the Real Party in Interest, is a criminal defendant represented by
counsel.  Real Party in Interest filed a
motion to suppress and issued a subpoena to compel the attendance of Holly
Lytle, Dr. Juan Contin, Kenneth Krohn (“Krohn”), and Irene Santiago.  Krohn responded by filing a motion to quash his
subpoena.  The District Attorney’s Office
and the County Attorney’s Office moved to quash the other subpoenas.  It appears that the various motions to quash
were based on the argument that the witnesses could not provide relevant and
material testimony to the motion to suppress.  Judge Garcia set the motions to quash and motion
to suppress for a hearing.

            At
the hearing, counsel for Real Party in Interest complained that she could not
file motions to quash the State’s witnesses because the State had not issued
subpoenas for its witnesses who were police officers because the police “just
come when they’re called,” and that Real Party in Interest did not have the
authority to “pick up the phone” and produce police officers to testify.  Counsel further complained that Krohn had been
successful in quashing a subpoena she issued in an unrelated case because of
technical deficiencies in her application and she believed she should have the
same opportunity to object to a subpoena issued on the State’s request.

The trial court
responded by ordering the State to issue subpoenas for all of its witnesses in
the case.  Further, the court prohibited
the State from informally calling any witnesses to testify.  The order reflects that the court did so in
order for the defendant to “have an opportunity to file motions to quash” any
subpoenas issued by the State.

DISCUSSION

            The
State argues that the trial court exceeded its constitutional and statutory
authority when it abridged the District Attorney’s exclusive prosecutorial
function by ordering it to issue subpoenas for its witnesses and by prohibiting
the State from calling a witness who would appear voluntarily without the
necessity for a subpoena.  The State
argues that because the trial court had no constitutional or statutory basis to
enter such an order, and because the State has no adequate remedy at law, the
State is entitled to mandamus relief.

I.                  
Standard
of Review

A party seeking a
writ of mandamus in a criminal case must make two showings:  (1) that there is no adequate remedy at law
to redress the alleged harm; and (2) that the act the relator seeks to compel
must be ministerial rather than discretionary in nature.  See
e.g. Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the
Eighth District, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig. proceeding);
In re State, 304 S.W.3d 581, 583
(Tex.App.—El Paso 2010, orig. proceeding). 
Mandamus relief is appropriate when a trial court enters an order for
which it has no statutory authority to enter. 
State ex rel. Holmes v. Denson,
671 S.W.2d 896, 899 (Tex.Crim.App. 1984)(orig. proceeding).  A matter is ministerial in nature if the law clearly
spells out the duty to be performed with such certainty that nothing is left to
the exercise of discretion or judgment.  State ex rel Healey v. McMeans, 884 S.W.2d
772, 774 (Tex.Crim.App. 1994)(orig. proceeding).  Mandamus is appropriate if a judge acts
beyond his statutory authority or if a district judge enters an order for which
he has no statutory authority.  State ex rel. Holmes, 671 S.W.2d at 899.


II.        The
Code of Criminal Procedure

            Chapter
24 of the Code of Criminal Procedure addresses subpoenas and attachments.  Article 24.01 authorizes the issuance of a
subpoena to summon a person to appear:

(1)  
before
a court to testify in a criminal action at a specified term of the court or on
a specified day; or

(2)  
on
a specified day:

(A)
before
an examining court;

(B) 
 at a coroner’s inquest;

(C) 
 before a grand jury;

(D)
 at a habeas corpus hearing; or

(E) 
 in any other proceeding in which the person’s
testimony may be required in accordance with this code.

Tex.Code Crim.Proc.Ann.
art. 24.01 (West 2009).

 

Chapter 24
authorizes a defendant or the State to obtain a subpoena to secure the presence
of witnesses whose testimony is material to their case.  Martin
v. Darnell, 960 S.W.2d 838, 840 (Tex.App.--Amarillo 1997, no pet.).   Nothing in Chapter 24 prohibits the
voluntary appearance of a witness at a trial or in any other proceeding where a
party might be called to testify. 
Further, in that Chapter nothing requires a party, either the defendant
or the State, to issue subpoenas for the witnesses the party wishes to call at
trial.  Of course, if a witness who was
not subpoenaed chooses not to appear, the party who desired their testimony
will be unable to compel their attendance and will have no remedy.

III.       Order
Invades Exclusive Prosecutorial Discretion of the District Attorney

            The
office of the district attorney is constitutionally created and protected.  Tex.Const.
Art. V, sec. 21.  The duties of
district attorneys are set out in the Code of Criminal Procedure, and include
representing the State in all criminal cases in the district court.  Tex.Code
Crim.Proc.Ann. art. 2.01(West 2005). 
Consequently, the district attorney’s authority “cannot be abridged or
taken away.”  Landers v. State, 256 S.W.3d 295, 303-04 (Tex.Crim.App. 2008).  An obvious corollary to a district attorney’s
duty to prosecute criminal cases is the utilization of his own discretion in
the preparation of those cases for trial. 
Meshell v. State, 739 S.W.2d
246, 254 (Tex.Crim.App. 1987).  The Meshell court held that under the
separation of powers doctrine, the state legislature may not move or abridge a
district attorney’s exclusive prosecutorial function, absent authorization by
an express constitutional provision.  Id. at 254-55.

The judicial power
of the state of Texas is set out in the Texas Constitution and the core of this
power includes the power:  (1) to hear
evidence; (2) to decide issues of fact raised by the pleadings; (3) to decide
relevant questions of law; (4) to enter a final judgment on the facts and the
law; and (5) to execute the final judgment or sentence.  State
v. Williams, 938 S.W.2d 456, 458-59 (Tex.Crim.App. 1997), citing Armadillo Bail Bonds v. State,
802 S.W.2d 237, 239-40 (Tex.Crim.App. 1990). 
In contrast, the decision to call witnesses is generally considered a
matter of trial strategy.  See e.g. Rodd v. State, 886 S.W.2d 381,
384 (Tex.App.--Houston [1st Dist.] 1994, pet. ref’d); State v. Thomas, 768 S.W.2d 335, 337 (Tex.App.--Houston [14th
Dist.] 1989, no pet.).  In a similar
vein, the decision to subpoena a defense witness or to request that the trial
court order a witness to return is a matter of trial strategy.  Robertson
v. State, 2002 WL 31236391, *1 (Tex.App.--Houston
[1st Dist.] 2002, no pet.).

            Several
cases have addressed situations where a trial court’s order invaded the
prosecutor’s discretion to prosecute a case as he or she deems appropriate.  For example, a trial court does not have the
authority to instruct the district attorney not to re-file criminal charges
after a dismissal.  State ex rel. Holmes, 671 S.W.2d at 899-900.  A trial court does not have authority to
restrain a district attorney from presenting evidence to a grand jury.  State
ex rel. Holmes v. Salinas, 784 S.W.2d 421, 427-28 (Tex.Crim.App.
1990).  A trial court does not possess
the general authority to dismiss a case unless requested by a prosecutor.  State
v. Johnson, 821 S.W.2d 609, 613 (Tex.Crim.App. 1991); State v. Telles, 890 S.W.2d 561, 562 (Tex.App.--El Paso 1994, no
pet.).

            We
have been unable to find a case which directly addresses the issue before this
Court, rendering it an issue of first impression.  We note an observation made by the Fort Worth
Court of Appeals:  “[a] criminal
defendant need not subpoena himself in order to secure his own testimony.”  Fogle v.
State, 988 S.W.2d 891, 895 (Tex.App.--Fort Worth 1999, pet. ref’d).  While this statement was made in a discussion
of alleged error by the prosecutor’s mention of the accused’s failure to
testify, the principle is sound and applicable. It is also a logical
application of the principle that the decision to call a particular witness is
a matter of trial strategy.  The State of
Texas need not subpoena itself in order to secure the testimony of voluntary
witnesses.  The trial court exceeded the
bounds of its constitutional and/or statutory authority by requiring the State
to subpoena all of its witnesses.

IV.       No
Adequate Remedy by Appeal

Real Party in
Interest argues that the State could appeal if Real Party in Interest is
convicted and if he chooses to appeal.  Article
44.01(c) of the Texas Code of Criminal Procedure provides that the State is
entitled to appeal a ruling on a question of law if the defendant is convicted
in the case and appeals the judgment.  However,
an appellate court would not reach the State’s issue on direct appeal unless it
had found reversible error in the defendant’s appeal.  See
Armstrong v. State, 805 S.W.2d 791, 793-94 (Tex.Crim.App. 1991).  That is certainly not an adequate remedy, as
it requires the defendant to appeal in order to grant the State an appeal right.  We conclude that the State has met its burden
of establishing that it has no adequate remedy by appeal.

CONCLUSION

            In
their briefs, neither party raised the issue of the trial court’s authority to
require the State or the defense to disclose and/or file proposed witness lists,
so we do not address that issue.

The State, like
the defendant, is given the power to issue subpoenas by the Code of Criminal
Procedure.  However, the State, like the
defendant, is not required to issue
subpoenas for its witnesses.  Likewise,
no statute or rule prohibits the State or the defendant from calling a witness
who has not been subpoenaed.  The trial
court had no authority to order the District Attorney to subpoena all of its
witnesses.

            For
these reasons, we conditionally grant the State’s petition for mandamus and
direct the trial court to vacate its order of November 18, 2011.  The writ shall issue only if the trial court
fails to act in accordance with this opinion.

June 6, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Publish)