**812-15**

ORIGINAL

OUT OF TIME PETITION FOR

DISCRETIONARY REVIEW

In The Court of Criminal Appeals

   P.O. Box 12308

   Capitol Station

   Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 0 2 2015

Abel Acosta, Clerk

   Trial Court #13,122

Appeal Court #06-15-00058-CR

FILED IN
COURT OF CRIMINAL APPEALS

JUL 02 2015

Abel Acosta, Clerk

Appellate Case Number: 06-15-00058-CR

Trial Court Cause Number: 13,122

WILLIAM ROBERT PARKER,           §   COURT OF CRIMINAL APPEALS
   Petitioner, pro se,           §
                                 §   P.O. Box 12308 Capitol Station
-v-                              §
                                 §   Austin, Texas
THE STATE OF TEXAS,              §
PANOLA COUNTY.                   §           78711


PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW, William Robert Parker, Petitioner, pro se, TDCJ-ID #00325353, herein after refered to as "Petitioner", and files this, his 'Separate Memorandum of Facts in Support of Grounds for Out of Time Discretionary Review.' The Petitioner will show this Honorable Court the Following:

   The 123rd Judicial District Court of Panola County, Texas, did not have Legal Jurisdiction in the above styled and numbered cause, and that Petitioner is Actually Innocent. Petitioner will also show that defense counsel was ineffective throughout the entire trial, and before, during preparation for trial. Petitioner will also show that defense counsel conspired with Prosecutor and Judge in all proceedings, in direct violation of guidelines established in Strickland -v- Washington. Petitioner will also introduce newly discovered case law on ineffective assistance of counsel, in support of his allegations.

   Futhermore, Petitioner will present new case law established on direct appeal, for Ineffective Assistance of Counsel, which

2

is now in effect for Texas. This is "Trevino." This new ruling allows litigants from Texas and other States, to re-enter the appellate process by "Direct Appeal Out of Time."

Furthermore, Martinez -v- Ryan, likewise gives the Petitioner a second time access to appeal directly, because of the fact that defendants cannot file ineffective assistance on Direct Appeal from the Trial Court in Texas, and so this new ruling has come out in favor of Texas Defendants and others, on a second time for direct appeal of ineffective assistance of counsel.

Ineffective Assistance of Counsel on this Out of Time Appeal for Discretionary Review is brought by 'Trevino -v- Thaler, 133 S.Ct. 1911; and Martinez -v- Ryan, 566 U.S.1, 132 S.Ct. 1309.

The facts and the record in cause #13,122, show that John Walker (the Prosecutor), and defense counsel, both had prior knowledge of the issue of competency, and refused to bring it before trial, as is proper law, in that "No person who is not competent to stand trial can be found guilty", and the defendant has the right to testify in his own behalf and have compulsary witnesses for his favor in support thereof, is now the Tim Coal Act, in Texas Law. There is now no 'Time-Bar' for Innocence Claim by Ineffective Assistance of Counsel in Texas.

3

## TABLE OF CONTENTS

1.  Carlos Trevino  V  Rick Thaler, 133 S.Ct. 1911

2.  Fontonet -v- State, 932 S.W.2d. 185

3.  Martinez -v- Ryan, 566 U.S. 1; 132 S.Ct. 1309

4.  Olivo -v- State ,918 S.W.2d  519

5.  Palm -v- State,656 S.W.2d 429

6.  Soliz -v- State, 97 S.W.3d 137,(2003 rev. on rem. #WL22433813)
                                    Tex. App. Houston Dist. 1994

7.  State -v- Roberts, 932 S.W.2d 700

8.  Strickland -v- Washington, 466 U.S. 668-686; 104 S.Ct. 2052;
                                    80 L.Ed.2d 674   1984

9.  U.S.C.A. Const. Art. 3:2 cl-3: U.S.C.A. Const. Amend. 6:
    Fed Rules Cr. Criminal Procedure, Rule 18; 18 U.S.C.A. case
    at point:
            U.S. -v- Carreon-Palacio, 267 F.3d 381 (Tex. Crim.
                                    App. 2003)

# I.

## STATEMENT OF FACTS FOR GROUND ONE

Did the Court of Appeals error in not finding that the Panola County Sheriff's Department did not have legal jurisdiction to investigate this crime?

FACTS SUPPORTING GROUND ONE:

The Panola County Sheriff's Department was apparently called to investigate this murder case, and even though this crime had happened in Shelby County, the Panola County Sheriff's Department continued their investigation, which was outside of their legal boundries, and their legal jurisdiction, and then arrested and charged the Petitioner with murder in Panola County, TX. The Petitioner has included an election map, which shows where this murder was, in fact, commited (according to police records), showing that the murder was commited in Shelby County, Texas, and not in Panola County, Texas, as indicated in the indictment handed down by the Panola County Grand Jury, which had no legal jurisdiction in this case. The law plainly states; "Judicial action without jurisdiction is void." Fontenot -v- State, 932 S.W.2d 185 (App. 2d Dist. 1966)(Criminal Law: Code 83. Tex. Crim. App. 1996.)

"In criminal cases, as opposed to civil cases, jurisdiction cannot be substantionally invoked, it either attaches, or it does not." Olivio -v- State, 918 S.W.2d 519.

END OF GROUND ONE.

# II.

## STATEMENT OF FACTS FOR GROUND TWO

Did the Court of Appeals error in not finding that the Panola County Grand Jury, that handed down this indictment for murder against Petitioner, did not have legal jurisdiction to do so?.

FACTS SUPPORTING GROUND TWO:

The District Attorney of Panola County, Texas, presented an indictment for murder against the Petitioner, to the Panola County Grand Jury. At this point, The District Attorney failed to inform the Grand Jury that this crime had happened in Shelby County, Texas, not in Panola County, Texas, making it illegal for the Panola County Grand Jury to even consider this case for indictment. With the Panola County Grand Jury's decision to indict Petitioner for murder, outside of Panola County's legal jurisdiction, making this indictment null and void. For Panola County had no legal jurisdiction to either investigate or hand down any indictment in this case, for the murder had been commited in Shelby County, Texas, approximately 1 mile South of the Panola County line, well inside of the Shelby County boundries. The law plainly states; "The charging county must have jurisdiction to procede with charging for any crime", which with the address provided, at the time of the crime, was in fact in Shelby County, making this indictment against Petitioner, null and void, as well as an illegal and felonious indictment, which must be voided. The Panola County Grand Jury did not have legal jurisdiction to procede with any charges against Petitioner. "The Sixth Amendment Grants criminal defendants a right to trial by jurors from the locality where the crime was commited."

END OF GROUND TWO.

## III.

### STATEMENT OF FACTS FOR GROUND THREE

Did the Court of Appeals error in not finding that the District Attorney of Panola County, Texas, failed to follow State Law concerning areas of jurisdiction in which he could bring charges?

FACTS SUPPORTING GROUND THREE:

The District Attorney of Panola County, Texas, failed to follow State law of legal jurisdiction in this case. He proceeded to file murder charges on the Petitioner, even though the murder had happened in Shelby County, Texas, and was not in the legal jurisdiction of panola County, Texas. With the District Attorney's over zealous attitude, he failed to follow State law of jurisdiction and venue, and proceded with murder charges, even though he did not have legal jurisdiction to do so, nor did he bother to have a change of venue. The law, again, plainly states that the charging county must have legal jurisdiction to proceed in any case. This makes the District Attorney's charge of murder in Panola County, Texas, an illegal charge, since the murder, according to police records, had been commited in Shelby County, Texas, and out of the legal jurisdiction of the Panola County, Texas, District, making any charge in this cause illegal and void. "When Trial Court renders judgement but lacks jurisdiction to do so, judgement is void." State -v- Roberts, 932 S.W.2d 700 (App. 12 Dist. 1996);(Criminal Law: Key Code 990.1(4)) "Tex. Crim. App. 1981. "If Jurisdiction of Trial Court is never invoked, resulting conviction is void." Palm -v- State, 656 S.W.2d 429.

7

The District Attorney failed to follow criminal procedures in this case, and without filing the charge of murder on Petitioner in Shelby County, Texas, as would have been the correct county with jurisdiction, he proceeded with what was an illegal action against Petitioner..

END OF GROUND THREE.

## IV.

### STATEMENT OF FACTS SUPPORTING GROUND FOUR

Did the Court of Appeals error in not finding that the District Court of Panola County, Texas, that handed down the conviction in this case, did not have legal jurisdiction, nor did the court have the proper venue to proceed.

FACTS IN SUPPORT OF GROUND FOUR:

The 123rd Judicial District Court of Panola County, Texas, handed down a verdict of murder against the Petitioner. The Petitioner can show, with proper maps, that in fact this court had no legal jurisdiction in this case and could not legally do so. "In order to sustain a conviction, the court must have jurisdiction to render the particular judgement. If trial court is without jurisdiction, for any reason, judgement rendered therein is void." (Tex. Crim. App. 1996) "In criminal cases, as opposed to civil cases, jurisdiction cannot be substantionally invoked; it either attaches or it does not." (see Olivio -v- State) "If jurisdiction of trial court is never invoked, any conviction that may result is void."

The District Attorney of Panola County, Texas, was in such

of a hurry to convict the Petitioner that he failed to follow State law, and have the charges brought in the county in which the crime was actually commited and then again failed to file for a change of venue. (C.A.5 Tex. 2001) "Venue is an element of any offence and prosecution always bears burden of proving that trial is in the same district as crime's commission." )See; U.S.C.A. Const. Art. 3, §2, cl. 3: U.S.C.A. Const. Amend. 6: Fed. Rules Cr. Proc. Rule 18. 18 U.S.C.A./ U.S. -v- Carreon-Palacio, 267 F.3d 381. Tex. Crim. App. 2003) "Venue" means the county or District in which a court with jurisdiction may hear and determine a case. (Soliz -v- State, 97 S.W.3d 137, on remand 2003 WL22433813."

Tex. App.-Houston [1 Dist.] 1994. "Failure to prove venue in county of prosecution is reversible error." The Petitioner has shown that the convicting court neither had legal jurisdiction, or proper venue, to procede in this case and the conviction should be voided in accordance with the law.

END OF GROUND FOUR.

## V.

### STATEMENT OF FACTS SUPPORTING GROUND FIVE

Did the Court of Appeals error in not finding that the Prosecutor, John Walker, and the District Judge, Bennie Boles, conspired together to withhold evidence from the defendant?

FACTS SUPPORTING GROUND FIVE:

THE DISTRICT ATTORNEY, JOHN WALKER, AND THE DISTRICT JUDGE, BENNIE BOLES, conspired together to withhold evidence that would have cleared the Petitioner of this crime. Any evidence that

9

is favorable to the defense must be turned over to the defense by the prosecution or there is a Brady violation. The prosecution had another person that had stated that it was them that had shot and killed the victim in this case, and not the Petitioner. This seems to follow a pattern by the officers of the court, by not following state laws and proceeding without proper jurisdiction, nor proper venue, just to convict someone, guilty or not, of this crime.

in the indictment handed down by the Panola County Grand Jury, it states: "did then and there intentionally and knowingly cause the death of an individual, to wit, Shane Boyd Caskey, by shooting him with a gun." The prosecution never stated what kind of gun was used, nor did the prosecution ever produce a gun that the Petitioner was supposed to have commited this crime with.

The two witnesses for the State, that testified at trial, were; Tommy McMan and Elbert Ray Thompson. Thompson testified that he let the Petitioner out at the crime scene. Tommy McMan testified that Petitioner told him that he [petitioner] had shot the deceased. Both McMan and Thompson had criminal charges against themselves, which were later dropped for their testimony, making their testimony questionable and unreliable.

At trial, District Attorney John Walker, alleged that the Petitioner had a "Shot-gun", one that he could not produce, nor prove that Petitioner ever was in possession of. In the indictment, there was never a statement to the Grand Jury, that a gun had ever been produced. The gun and/or weapon that was

10

alleged by the prosecution to have been used in this murder case, was never produced or entered into evidence. Yes, someone did shoot and kill Petitioner's brother-in-law, but it was not the Petitioner. This whole case against the Petitioner was fabricated by the prosecution. Just as both State's witnesses against Petitioner fabricated their testimony for the prosecution in exchange for the criminal charges against themselves being dropped for such testimony.

END OF GROUND FIVE.

## VI.

### STATEMENT OF FACTS SUPPORTING GROUND SIX

Did the Court of Appeals error in not finding that the 123rd Judicial District Court of Panola County, Texas, did not allow Petitioner's psychiatrist, Thomas Merk, to testify during the "guilt/innocence" phase of the trial?

FACTS SUPPORTING GROUND SIX:

The District Judge, Bennie Boles, and the Prosecuting Attorney, John Walker, would not allow Petitioner's Psychiatrist to testify as to Petitioner's mental state, and therefore denied Petitioner a fair trial.

As petitioner previously cited the recent over-turning of the conviction of Bernhardt Tide. Mr. Tide was also convicted in Panola County, Texas, and his conviction was overturned because his Psychiatrist was not allowed to testify about his mental condition at the time of the murder he was accused of commiting.

The Petitioner is claiming that his right to a fair trial was denied, therefore violating his "Sixth Amendment Right" to a fair trial.

11

During Petitioner's trial, his Psychiatrist was not allowed to give testimony as to why Petitioner was not testifying in his own behalf. Mr. Merk wanted to make his presentation of the reasons for this, but the judge and the District Attorney would not allow him to do so. This gave cause to the jury that the Petitioner had something to hide, and denied Petitioner that area of reasonable doubt.

Petitioner does not have the actual ruling from the Twelfth Court of Appeals on the Bernhardt Tide case, because the unit law library is not up-to-date. Mr. Tide's cause number, W1316182-81, was overturned in the last ..., and without an outside source, Petitioner cannot give this Honorable Court the exact ruling in the case.

## ATTACHMENTS

Furthermore, are two attachments that show by affidavit that defense counsel, Dick DeGurin, Prosecutor John Walker, both had knowledge of the issue of competency, prior to trial, and they both conspired to deny the Petitioner a fair trial as afforded by the 6th Amendment, along with Ineffective Assistance of Counsel by Dick DeGurin, in violation of Strickland -v- Washington, Absolute Innocence under the Tim Cole Act and Ineffective Assistance of Counsel on appeal and in trial in regards to "Trevino -v- Thaler", 133 S.Ct. 1911, and Martinez -v- Ryan, 132 S.Ct. 1309.

12

Affidavid in support of Facts

Cause # 13,122

    I am Franklin Parker I retained Persey Foreman to represente my son William Robert Parker in June of 1980 at this time my son was in Houston International Hospital Mr. Foreman sent his representative Dick DeGuerin to Houston International Hospital to interview my son this was some five monts before I retained Mr. Foreman again to represente my son on a murder case which is the subject of this affidavid. I discussed the facts of my son being in Houston International Hospital with both Persey Foreman and Dick Deguerin and both had information relating to the issue of compendecy some five monts prior to the murder trial where the issue of compendecy was not brought to the courts attention prior to the trial.

    I Franklin Parker certify under pentaly of pergery that the foregoing is true and correct.


Franklin Parkers Signature _Franklin Parker_

Notery Signature _Bonny Welch_

Date 4-6-88

Notery seal

BONNY WELCH
Notary Public, State of Texas
My Commission Expires 3-10-90

13

COPY

CAUSE NO. 13,122

WILLIAM ROBERT PARKER      §      123rd Judicial District Court
Petitioner, Pro Se         §
                           §
    v.                     §           of
                           §
STATE OF TEXAS             §      Panola County, Texas

**RE: Sworn statement of Petitioner with Exhebit's in support of GROUND'S FIVE**

Mr. John Walker, when County Attorney for Shelby County in 1979, knew of the issues
of Compensety in that, I William Robert Parker, was in the Houston International
Hospital for an extended period of time and was Under Indictment for a Mistermenor
Assult of Cam Black of which John Walker represented the state.

Enclosed is a notorized letter of my father at the hearing of Persey Forman
showing Dich DeGuerin had this knowledge.

At mid trial for the first time I saw the picture's of the deceased and told
counsel that "I did not Commit the crime. The issue of Compendency was brought
up for the first time.

The Prosicution never produced the firearm nor did the Prosicution find a
firearm that belonged to the Petitioner. The Prosicution only had heresay
evidence to convict Petitioner of this crime and then the Petitioner was not
allowed to testify in his own behalf and defend himself of the charge. The Judge,
District Attorney and Defence Counsel finally raised the issue of Compency at
Mid-Trial and this was after getting a conviction.

### UNSWORN DECLARATION

I, William Robert Parker, Petitioner, Pro SE, TDCJ-ID NO. 00325353, being
presently incarcerated at the L.C. Powledge Unit of the Department of Criminal
Justice-Correctional Institutions Division in Anderson County, Texas, does
hereby certify that this document is true and correct.

Executed on this the ___ day of _____, 2014.

William Robert Parker, Petitioner, Pro Se

14

## CONCLUSION

The Petitioner has shown this Honorable Court that his "Sixth" Amendment Right to a Fair Trial, was violated by the 123rd Judicial District Court of Panola County, Texas, on the competency issue, which should have came before the trial, and a Jurisdictional Issue, before, during and after the Petitioner's trial. The Petitioner is asking this court for relief of an unconstitutional sentence under new law of the Supreme Court of the United States; Carlos Trevino -v- Rick Thaler, 133 S.Ct. 1911, and asks this court for relief.

## PRAYER

The Petitioner Prays that this Honorable Court will Grant this petition for Discretionary Review, and Grant the Petitioner the relief so sought. Thank you.

Respectfully submitted,

William Robert Parker,
Petitioner, pro se.
TDCJ-ID #325353
Powledge Unit, TDCJ
1400 FM 3452
Palestine, TX   75803

15

## DECLARATION

I, William Robert Parker, state by Declaration, that the foregoing Out of Time Discretionary Review Appeal from the Sixth Court of Appeals in Cause Number 06-15-00058-CR, is true and correct, on this, the ___23___ day of ___June___, 2015, by my signature of William Robert Parker.

_signature of William R. Parker_

## CERTIFICATE OF SERVICE

I, William Robert Parker, state by Declaration, that a true duplicate of the foregoing Out of Time Discretionary Review petition, was mailed by regular mail, postage pre-paid, to the Court of Criminal Appeals, at P.O. Box 12308 Capitol Station, Austin, Texas; and to the District Clerk of Panola County, Texas, ATTN: Debra Johnson, at 110 S. Sycamore Street, Courthouse, Carthage, Texas 75633, on this, the ___23___ day of ___June___, 2015, by my signature of William Robert Parker.

_signature of William Robert Parker_

16

IN FORMA PAUPERIS

INABILITY TO PAY COSTS

I, William Robert Parker, state by declaration, that I do not have the funds to pay for the filing of this action and request that the court waive the filing fee at this time, and that I, William Robert Parker, be allowed to proceed with this complaint on this, the 23 day of June, 2015, by my signature of William Robert Parker.

William Robert Parker

17



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00058-CR

WILLIAM ROBERT PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 13,122

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

William Robert Parker was convicted of murder by a Panola County jury in 1981 and was sentenced to life in prison. His conviction and sentence were affirmed on direct appeal. *Parker v. State*, 667 S.W.2d 185 (Tex. App.—Texarkana, 1983, pet. ref'd). On October 1, 2014, thirty-three years later, Parker filed a motion in the trial court for an out-of-time new trial. Then, on January 16, 2015, Parker filed a second motion for an out-of-time new trial. On March 18, 2015, the trial court entered an order essentially finding that it was without jurisdiction to rule on Parker's motions seeking a new trial. On April 16, 2015, Parker filed a notice of appeal from the trial court's March 18 order denying Parker's motions for an out-of-time new trial. Because the trial court's order from which Parker attempts to appeal is a non-appealable order, we are without jurisdiction to hear this appeal.

In the State of Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature passes such legislation, in addition to granting its citizens a right of appeal, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

Generally speaking, in the criminal context, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's March 18 order

2

denying Parker's out-of-time motion for a new trial does not fall within one of those exceptions. *See generally Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Wright*, 969 S.W.2d at 589; *see also Williams v. State*, No. 05-08-00983-CR, 2008 WL 2971990, at *1 (Tex. App.—Dallas Aug. 5, 2008, no pet.) (mem. op., not designated for publication) ("An order denying a motion for an out-of-time new trial is not an appealable order.").[1] Consequently, we are without jurisdiction over this appeal.

By letter dated May 28, 2015, we notified Parker of the potential defect in our jurisdiction and afforded him an opportunity to respond. In his response, Parker cited *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) in support of his contention that this Court has jurisdiction to hear his appeal of the trial court's March 18 order. In *Martinez*, the United States Supreme Court addressed the issue of whether the doctrine of procedural default barred a federal district court from considering an ineffective assistance of trial counsel claim when the default was caused by the error of appointed collateral review counsel. *Id. Martinez* is not helpful to Parker's position.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:     June 15 2015
Date Decided:       June 16, 2015

Do Not Publish

---

[1]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

3