**STATE of Texas, ex rel., John B. HOLMES, District Attorney, Applicant,**

**v.**

**Honorable Woody R. DENSON, Judge, Respondent.**

**No. 69257.**

Court of Criminal Appeals of Texas, En Banc.

June 27, 1984.

Robert Pelton, Jim Skelton, Houston, for respondent.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann, Asst. Dist. Atty., Houston, for applicant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an original application for writ of mandamus by which the District Attorney of Harris County, as applicant, seeks to have a pre-trial order entered by respondent trial judge set aside. Tex.Const. Art. V, Sec. 5; Art. 4.04, V.A.C.C.P. Applicant alleges that respondent exceeded his authority in holding V.T.C.A. Penal Code, Sec. 71.03 (defenses excluded under Organized Criminal Activity statute) unconstitutional and ordering six indictments under Sec. 71.02, supra "dismissed with prejudice."[1] Applicant, being the Harris County District Attorney and thus representing the State, contends he has no other remedy since the State may not appeal. Tex.Const. Art. V, § 26; Art. 44.01, V.A.C.C.P. Applicant requests that this Court issue a writ of mandamus directing respondent to vacate orders of dismissal previously entered in trial court Cause Nos. 383,667 through 383,672.

On July 1, 1983, six persons were indicted in Cause Nos. 383,667–383,672. On October 26, 1983, pursuant to a "Defendant's

---

1. The defendants were charged under V.T.C.A. Penal Code, Sec. 71.02(a)(5) which provides in pertinent part that:

"(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit ...

"....

"(5) unlawful ... delivery, ..., or distribution of a controlled substance ..."

Motion to Dismiss With Prejudice" filed by four of the defendants, respondent entered an order of dismissal "with prejudice" in Cause Nos. 383,667–383,670. Subsequently, on November 2, 1983, respondent entered an order dismissing with prejudice the remaining indictments Cause Nos. 383,-671–383,672. At the November 2 hearing respondent made it quite clear that by dismissing all these charges "with prejudice" he was ordering the Harris County District Attorney, applicant herein, *not to refile charges.*[2]

The motions to dismiss and subsequent orders were based upon the contention that Sec. 71.03, supra, was and is unconstitutionally vague and overbroad.[3] Essentially, the defendants contended that, by excluding the defense under Sec. 71.03, supra, they were precluded from arguing that an individual in the alleged combination did not have the requisite mens rea. None of the defendants challenged the constitutionality of Sec. 71.02, supra. The motions challenged the "defenses" section. There was no contention that the indictments failed to state an offense or that they were lacking in form or substance.

The respondent specifically held that Sec. 71.03, supra, was unconstitutional because it was vague and overbroad; that he would not allow the State to proceed against the six defendants after he had declared Sec. 71.03, unconstitutional because that section went to the "heart of the statute"; that he was instructing the State that the defendants motions to dismiss with prejudice were

granted and therefore the cases could not be brought again; *that the State was not to refile the cases;* and that the defendants were discharged. Finally, he refused to permit the State to set the case for trial.

■ In this State a district judge has jurisdiction over criminal matters conferred by virtue of the Texas Constitution. Tex. Const. Art. V, Sec. 5. The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions "and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law. [citation omitted]. A Court's having jurisdiction embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination and the jurisdiction is thereby exhausted". *Garcia v. Dial* 596 S.W.2d 524, (Tex.Cr.App.1980).[4]

Additionally, Judge Clinton, writing for this Court, observed, viz: "Further encompassed by jurisdiction is the court's authority 'to carry the sentence or judgment of the court into execution. *Jurisdiction,* it is agreed, *includes the power to determine either rightfully or wrongfully. It can make no difference how erroneous the decision may be —.*" [citations omitted] *Garcia v. Dial,* supra at 528.

■ It is well settled that when a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment or information, the person

---

**2.** All emphasis supplied by the writer of this opinion unless otherwise indicated.

**3.** V.T.C.A. Penal Code, Sec. 71.03, in pertinent part states:

"It is no defense to prosecution under Section 71.02 of this code that:

"(1) one or more members of the combination are not criminally responsible for the object offense.

"(2) one or more members of the combination have been acquitted, have not been prosecuted or convicted of a different offense, or immune from prosecution.

"(3) a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02 of this code; or

"(4) once the initial combination of five or more persons is formed there is a change in the number or identity of persons in the combination as long as two or more persons remain in the combination and are involved in a continuing course of conduct constituting an offense under this chapter."

From the record it appears that Subsection (1) was the focus of the defendant's arguments as well as the judge's ruling although respondent did not so limit his order.

**4.** We note that *Garcia v. Dial,* supra, is reported in the Southwestern Reporter 2d series as a panel opinion by this Court, when in fact it was an en banc opinion with Judges Dally and Douglas concurring in the result.

accused thereunder is, in law, discharged from the accusation against him; there is, concomitant to such dismissal, no case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court. [citations omitted] *Garcia v. Dial*, supra at 528.

■ In a two-pronged attack, applicant first invites this Court to set aside respondent's orders dismissing the instant indictments, through the vehicle of mandamus. This Court has jurisdiction to issue writs of mandamus pursuant to Tex.Const. Art. V, Sec. 5. In order for mandamus to issue, the party seeking mandamus must show that there is no other adequate remedy available and that the act sought to be mandated is a ministerial act. *Tex. Bd. of Pardons and Paroles v. Miller*, 590 S.W.2d 142 (Tex.Cr.App.1979). Mandamus is not available to compel a discretionary act as distinguished from a ministerial act. *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979). Mandamus will issue if there is but one proper order. *State ex rel. Curry v. Gray*, No. 69,252, delivered May 2, 1984; *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978). Mandamus is appropriate if a judge acts beyond his statutory authority. *White v. Reiter*, 640 S.W.2d 586 (Tex.Cr.App.1982); *State ex rel. Vance v. Hatten*, 600 S.W.2d 828 (Tex.Cr.App. 1980). If a district judge enters an order for which he has no statutory auhority, mandamus will issue. *Gray*, supra; *Wilson v. Harris*, 555 S.W.2d 470 (Tex.Cr.App. 1977).

■ We find that, in view of the language in *Garcia v. Dial*, supra, it is of no moment whether respondent, in dismissing the indictments in the case sub judice, acted ministerially or without statutory authority. Since respondent has lost any jurisdiction over Cause Nos. 383,667 through 383,672, and since the only manner in which respondent might re-obtain jurisdiction of these cases would be the return of grand jury indictments into respondent's court, we hold that there is nothing to mandamus, ergo mandamus does not lie.

■ Our conclusion ante, that mandamus does not lie, will not pretermit our review of respondent's order that applicant be prohibited from refiling any criminal charges against the defendants named in Cause Nos. 383,667 through 383,672. It is this action taken by respondent that is the essence of the second prong of applicant's attack in his petition.

County and district attorneys of this State derive their existence in this State from constitutions dating back to 1845. See Tex.Const. Art. IV, Sec. 12. In our most recent constitution, the powers and duties of these officials are enumerated in Art. V, Sec. 21. See Tex.Const. Art. V, Sec. 21, as amended Nov. 2, 1954. Art. V, Sec. 21, supra, in pertinent part, provides that "if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature." The Legislature of this State has done just that, in enacting Art. 2.01, V.A.C. C.P., which provides, in pertinent part, viz: "Each district attorney represents the State in all criminal cases in the district courts of his district—." Finally, it is evident that the very existence of the office of District Attorney of Harris County is codified by the Legislature in Art. 326k–26, V.A.T.S.

The constitutional and statutory underpinnings of the duties and powers of county and district attorneys have been further recognized by stare decisis in this State. See *Shepperd v. Alaniz*, 303 S.W.2d 846 (Tex.Civ.App.1957); *State ex rel. Downs v. Harney*, 164 S.W.2d 55 (Tex.Civ.App.1942); *Garcia v. Laughlin*, 155 Tex. 261, 285 S.W.2d 191 (1955).

We find the situation in this case very similar to the facts presented in *State ex rel. Curry v. Gray*, supra. In *Gray*, a district judge granted a pre-trial motion, which was a special plea in bar, based upon alleged collateral estoppel grounds. This Court found that since the facts were undisputed, the judge's ruling was based entirely upon a determination of a question of

law. If said ruling was clearly improper, then the judge had no authority to enter any order but the denial of the motion. *Gray*, supra, slip opinion at p. 7.

Likewise, in the case sub judice, we find the facts to be undisputed and the issue presented to be a question of law, i.e., whether a trial judge may go beyond his order dismissing criminal indictments and instruct the district attorney not to further proceed with future charges arising from same? We answer in the negative and we specifically hold that respondent usurped his authority in invading the exclusive province of the applicant. We hold that applicant is without any other remedy, and that mandamus lies as to the second portion of respondent's order.

We are certain that respondent will vacate that portion of his prior orders pertaining to the refiling of criminal complaints arising from those events alleged in Cause Nos. 383,667 through 383,672, without the necessity of the issuance of a writ of mandamus.

CLINTON, Judge, concurring.

Patently, the majority is incorrect in stating that:

"mandamus is appropriate if a judge acts beyond his *statutory* authority. *White v. Reiter*, 640 S.W.2d 586 (1982). * * * "[1]

There is no statutory basis for a trial judge to act in many particulars generally accepted, such as granting immunity, for example; yet, I doubt any member of the Court would question the *inherent* power—the jurisdiction of a trial court—to do so. Being both incorrect[2] and unnecessary to the reasoning of the Court, this statement should be eliminated from the opinion.

As to the ultimate relief issued in this case, I agree that once the trial court ordered the indictment dismissed, the court simultaneously lost jurisdiction of the cause and this Court cannot breathe life back into it anymore than the trial court could by "reinstating" the expired cause.

As to the "with prejudice" part of the dismissal, I would hold the State has another remedy adequate to test its validity: The State could simply refile the cases against the defendants and litigate the appropriateness of that action at that time.

Just today in Cause No. 69,294, styled *Turner v. McDonald*, we hand down an opinion which rejects an argument advanced by the Respondent and observe that the fact that justiciable issues may be raised in the proceeding we order, is no reason to prevent that proceeding. (Slip op. at 7, n. 9.)

If this Court intends to get into the mandamus/prohibition business full time—(and all recent indications are that it is)—we should proceed with extraordinary caution, assuring that settled principles of extraordinary remedy law are faithfully applied and that our own opinions do not conflict, either internally or one with another.

I concur with the denial of the writ of mandamus as to reinstatement of the causes. I further concur that the State is free to refile the cases; I, however, do not agree that the State's seeking, or this Court's granting, a writ of mandamus to that end, is necessary. Most of all I regret the damage done to legal principles in the majority's doing to such an end.

---

**1.** All emphasis is added by the writer of this opinion unless otherwise indicated.

**2.** As the author of *White v. Reiter*, supra, I can categorically deny that it can under any interpretation be read to support this statement for which the majority cites it.