

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-21-00213-CR

## IN RE PERRY DIXON

---

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2021-1091-1**

---

**Original Proceeding**

---

## MEMORANDUM OPINION

---

On August 26, 2021, Perry Dixon filed a petition for writ of mandamus in this Court, requesting that we issue a writ compelling the trial judge, the Honorable Thomas West of the 19th District Court, to rule on his pretrial application for writ of habeas corpus purportedly filed in the trial court on April 4, 2021. And although Dixon's mandamus petition is difficult to understand, it also appears that Dixon complains about the trial court's failure to rule on his motion to reduce bail purportedly filed on July 26, 2021.

At the outset, we note that Dixon has not complied with Texas Rule of Appellate Procedure 52.3. *See* TEX. R. APP. P. 52.3. Among other things, Dixon has not provided a

Rule 52.3(j) certification, nor has he attached necessary documents in an appendix. *See id.* at R. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."); *see also id.* at R. 52.3(k) (noting the necessary contents of the appendix to a petition for writ of mandamus). Because Dixon's appendix is deficient under Rule 52.3(k), the mandamus record is also deficient under Rule 52.7. *See id.* at R. 52.7 (providing that the relator must file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). The absence of a mandamus record makes it difficult to ascertain what has happened in the trial court. Additionally, it does not appear that Dixon served his mandamus petition on all necessary parties. *See id.* at R. 9.5. In fact, in his certificate of service, Dixon indicates that this mandamus petition was served solely on this Court.

Nevertheless, in a separate, but related, filing in appellate cause number 10-21-00248-CR, Dixon acknowledged that the trial court entered a ruling on his application for writ of habeas corpus on September 2, 2021, although Dixon complains that this ruling was actually on a separately-filed motion to reduce bail. In appellate cause number 10-21-00248-CR, the certified Clerk's Record includes a handwritten order signed by the trial judge on September 2, 2021, stating the following: "(Motion denied) Application for writ of habeas corpus is denied due to the nature and circumstances of the allegation, the

safety of the victim[,] and the safety of the community." Based on this language, it appears that the trial court ruled on Dixon's habeas application and motion to reduce bail on September 2, 2021, thus rendering this mandamus proceeding moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (dismissing a petition for writ of mandamus because the matter is moot given that the information sought by relator was provided to him); *see also State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 4 (Tex. Crim. App. 1990) (dismissing a petition for writ of mandamus on original submission on the grounds that the relief sought was moot); *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App., 1984) (dismissing a mandamus petition on the ground that the relief sought had become moot and noting that "there is nothing to mandamus, ergo mandamus does not lie"). Accordingly, we dismiss Dixon's petition for writ of mandamus.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Smith,
    and Justice Rose[1]
Petition dismissed
Opinion delivered and filed December 15, 2021
Do not publish
[OT06]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.