

# NUMBER 13-22-00385-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE EAZY LEE OCANAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Chief Justice Contreras[1]**

Relator Eazy Lee Ocanas filed a pro se petition for writ of mandamus contending

that he did not receive the appropriate amount of jail-time credit arising from his conviction

in cause number CR-2687-21-B in the 93rd District Court of Hidalgo County, Texas. In a

previous original proceeding, relator made the same complaint, and the State ensured

that judgments nunc pro tunc were entered and provided to the Hidalgo County District

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Clerk and the Texas Department of Criminal Justice (TDCJ), and thus we dismissed that original proceeding as moot. *See In re Ocanas*, No. 13-22-00340-CR, 2022 WL 3162202, at *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 8, 2022, orig. proceeding) (mem. op., not designated for publication). In this subsequent petition for writ of mandamus, relator asserted that the errors regarding his jail-time credit had not been resolved, and that an appropriate calculation of his jail time credit would result in release from imprisonment on August 28, 2022, yet he was not scheduled to be released until September 18, 2022. The Court again requested that the real party in interest, the State of Texas, acting by and through the Hidalgo County District Attorney, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. By response, the State asserts that relator's projected release date is actually August 27, 2022. The State confirmed this data by reference to the relator's "Inmate Information Details" on the website for the TDCJ.

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that this original proceeding is moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) ("This Court has dismissed petitions for mandamus on the ground that the relief sought had become moot . . . ."); *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding) ("[W]e hold that there is nothing to mandamus, ergo mandamus does not lie."); *In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.—Dallas 2020, orig. proceeding) ("Because relator has received the relief requested in his petition, his petition is now moot."); *In re Evans*, 581 S.W.3d 431, 434 (Tex. App.—Texarkana 2019, orig. proceeding) (dismissing a petition for writ of mandamus as moot). Accordingly, we

dismiss the petition for writ of mandamus as moot.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
26th day of August, 2022.