

# IN THE
# TENTH COURT OF APPEALS

No. 10-22-00361-CR
No. 10-22-00362-CR
No. 10-22-00431-CR
No. 10-22-00432-CR

# IN RE JAMES GAMBRELL, JR.

## Original Proceedings

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 30096**
**Trial Court No. 30238**

## MEMORANDUM OPINION

On November 4, 2022, in appellate cause numbers 10-22-00361-CR and 10-22-00362-CR, relator, James Gambrell Jr., filed petitions for writ of mandamus in this Court seeking rulings from the trial court on his pro se application for writ of habeas corpus,

motion for speedy trial, and motion to dismiss purportedly filed in trial court cause numbers 30096 and 30238.[1]

On November 8, 2022, in appellate cause numbers 10-22-00361-CR and 10-22-00362-CR, this Court requested a response to relator's mandamus petitions from Real Party in Interest and the Respondent. The response was due within thirty days of November 8, 2022. No response was filed.

Thereafter, relator filed an amended petition for writ of mandamus effectively abandoning his complaint about the trial court's failure to rule on his pro se application for writ of habeas corpus, but re-urging his complaints about the trial court's failure to rule on his motion for speedy trial and motion to dismiss.

After the deadline for a response passed, relator filed documents in this Court alerting us that no response had been filed within the deadline prescribed in our November 8, 2022 order. Subsequently, on December 28, 2022, in appellate cause numbers 10-22-00431-CR and 10-22-00432-CR, relator filed two more petitions for writ of

---

[1] For the purpose of documenting relator's filings, we note that this Court dismissed relator's prior attempts at filing original habeas-corpus proceedings in this Court to "order the sheriff of Walker County Texas to show cause why [Gambrell] should not be released from his illegal incarceration on a bond that he can afford." *See, e.g.*, *Ex parte Gambrell*, Nos. 10-22-00004-CR & 10-22-00005-CR, 2022 Tex. App. LEXIS 372, at *1 (Tex. App.—Waco Jan. 19, 2022, orig. proceeding) (mem. op., not designated for publication) (dismissing Gambrell's applications for writ of habeas corpus filed in this Court because appellate courts do not have jurisdiction over original applications for writ of habeas corpus).

We also note that relator has filed two new pro se appeals from the trial court's denial of his pro se applications for writ of habeas corpus based on allegations of excessive bail in trial court cause numbers 30096 and 30238. These new appeals have been docketed and assigned appellate cause numbers 10-22-00435-CR and 10-22-00436-CR and will be resolved in a separate opinion.

mandamus corresponding with the same two trial court cause numbers—30096 and 30238. In his December 28, 2022 mandamus petitions, relator complains about the trial court's failure to rule on his pro se applications for writ of habeas corpus alleging that his bail is excessive in both trial court cause numbers.

With respect to appellate cause numbers 10-22-00361-CR and 10-22-00362-CR, we note that relator indicated in his mandamus petitions that he is represented by appointed counsel and that appointed counsel refused to present relator's pro se motions to the trial court for a ruling. Relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (noting that appellant is not entitled to hybrid representation and that contentions made in a pro se brief supplementing the brief of appointed counsel presented nothing for appellate review); *see also In re Riggs*, Nos. 10-21-00160-CR & 10-21-00161-CR, 2021 Tex. App. LEXIS 5599, at *2 (Tex. App.—Waco July 14, 2021, orig. proceeding) (mem. op., not designated for publication) ("As long as Riggs is represented by counsel, the trial court has no duty to rule on a pro se motion absent extraordinary circumstances not presented here." (citing Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007))); *In re Alexander*, No. 01-21-00335-CR, 2021 Tex. App. LEXIS 5543, at **2-3 (Tex. App.—Houston [1st Dist.] July 13, 2021, orig. proceeding) (mem. op., not designated for publication) (per curiam) (dismissing relator's pro se petition for writ of mandamus where relator was represented by counsel and not entitled to hybrid representation); *In re Pitzer*, No. 10-15-00103-CR, 2015 Tex. App. LEXIS 3862, at

**2-3 (Tex. App.—Waco Apr. 16, 2015, orig. proceeding) (mem. op., not designated for publication) ("Relator is not entitled to hybrid representation. . . . The absence of a right to hybrid representation means relator's pro se mandamus petition will be treated as presenting nothing for this Court's review." (internal citations omitted)). Additionally, relator has not provided a certified or sworn record demonstrating entitlement to the relief requested. *See* TEX. R. APP. P. 52.7(a)(1) (providing that relator must file with his mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Therefore, based on the foregoing, we dismiss relator's mandamus petitions in appellate cause numbers 10-21-00361-CR and 10-21-00362-CR.

In appellate cause numbers 10-22-00431-CR and 10-21-00432-CR, relator complained about the trial court's refusal to rule on his pro se applications for writ of habeas corpus based on excessive bail in trial court cause numbers 30096 and 30238. We have received a copy of the trial court's order denying relator's habeas applications in both trial court cause number 30096 and 30328. This order was signed on December 12, 2022. Because the trial court has ruled on relator's habeas applications in both trial court cause numbers, relator's mandamus petitions in appellate cause numbers 10-22-00431-CR and 10-21-00432-CR are moot.[2] *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) ("This court has dismissed petitions for mandamus on the

---

[2] Furthermore, in light of our disposition, we dismiss all pending motions as moot.

ground that the relief sought had become moot . . . ."); *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding) ("[W]e hold that there is nothing to mandamus, ergo mandamus does not lie."); *In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.—Dallas 2020, orig. proceeding) ("Because relator has received the relief requested in his petition, his petition is now moot."). Accordingly, we dismiss relator's mandamus petitions in appellate cause numbers 10-22-00431-CR and 10-22-00432-CR for lack of jurisdiction.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
(Chief Justice Gray concurring with a note)*
Petitions dismissed
Opinion delivered and filed January 11, 2023
Do not publish
[OT06]

*(Chief Justice Gray concurs in the Court's judgment in each of these four cases. A separate opinion will not issue.)

