

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00196-CR

IN RE BRIAN KEITH MELTON

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Brian Keith Melton, proceeding pro se, filed a petition seeking a writ of mandamus against the Honorable J. Andrew Bench, presiding judge of the 196th Judicial District Court of Hunt County. Melton's mandamus record shows that, pursuant to a plea-bargain agreement with the State, he pled guilty to violating a protective order, with two prior qualifying convictions, a third-degree felony, and received a sentence of ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 25.07(g)(2) (Supp.). In exchange, the State agreed not to prosecute Melton "for any other offense arising out of jail conduct between Jan. 5, 2019 and 10/2/2019."

In this petition,[1] Melton complains of the trial court's denial of his pro se motion to vacate the judgment and appears to ask this Court to vacate the judgment on the ground that it is void. Among other things, Melton argues that he did not have two prior convictions as required by Section 25.07(g) of the Texas Penal Code, which, if true, would make his offense a misdemeanor.[2] Because the Texas Court of Criminal Appeals has investigated this issue and Melton's mandamus record fails to contain required documents, we deny his petition for a writ of mandamus.

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden

---

[1]On March 7, 2023, we denied Melton's petition for a writ of mandamus, which asked the trial court to rule on his motion to vacate the judgment in his case. *In re Melton*, No. 06-23-00037-CR, 2023 WL 2375943 (Tex. App.—Texarkana Mar. 7, 2023, orig. proceeding) (mem. op., not designated for publication).

[2]Melton also complains that he was to receive 270 days' credit for time served, but the trial court's judgment shows that he was awarded that credit.

2

to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

A relator must file "a certified or sworn copy of every document that is material to the relator's claim" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence." TEX. R. APP. P. 52.7. Melton's petition refers to evidentiary hearings and findings entered by the trial court that were not made a part of this mandamus record, including filings made in connection with an application for a writ of habeas corpus he filed with the Texas Court of Criminal Appeals, which argued that the judgment was void because he did not have two prior qualifying judgments. *See Ex parte Melton*, No. WR-44,431-09, 2022 WL 108013, at *1 (Tex. Crim. App. Jan. 12, 2022) (per curiam) (order). The Texas Court of Criminal Appeals found that the record should be

developed and remanded the case to allow the trial court to do so and to make findings of fact and conclusions of law. *Id.* After the trial court filed a supplemental record, the Texas Court of Criminal Appeals dismissed Melton's petition.

After having examined and fully considered Melton's petition and the applicable law, we deny Melton's petition for a writ of mandamus.

Charles van Cleef
Justice

Date Submitted:     October 24, 2023
Date Decided:       October 25, 2023

Do Not Publish

4