

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00103-CR

IN RE ANTHONY WASHINGTON

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Anthony Washington, proceeding pro se, has petitioned this Court for mandamus relief. Washington claims he filed a motion for a speedy trial[1] and a request for final disposition in the trial court. Washington asks us to compel the Honorable John Tidwell, presiding judge of the 202nd Judicial District Court of Bowie County, Texas, to act upon those motions.[2] Because we find that Washington (1) failed to attach an appendix of necessary documents that are required by the Texas Rules of Appellate Procedure and (2) failed to provide a record sufficient to entitle him to his requested relief, we deny the requested relief.

## 1. Standard of Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding.)). A clear right to the requested

---

[1]*See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

[2]In the petition's prayer, Washington asks this Court to order the trial court to "remove the detainers" on him. Because of the absence of any supporting documentation "material to [Washington's] claim for relief and that was filed in any underlying proceeding," this Court is unaware of any detainer. TEX. R. APP. P. 52.7(a)(1).

relief is shown when the facts and circumstances require "but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

**2.      Analysis**

After reviewing the record, we conclude that Washington has failed to comply with Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure, which states that a relator must file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Washington argues in his petition that the trial court has not acted upon Washington's motion for a speedy trial or request for a final disposition.[3] However, he attached no documents to his petition. Therefore, Washington fails to provide a complete record as required by Rule 52.7(a)(1), and the petition is insufficient to establish that the trial court abused its discretion. *See In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." (footnote omitted)).

---

[3]Washington alleges in his petition that those documents were filed with the trial court on August 8, 2017, and June 3, 2019, respectively.

3

For these reasons, we deny Washington's petition for a writ of mandamus.


                    Scott E. Stevens
                    Chief Justice

Date Submitted:     June 4, 2024
Date Decided:       June 5, 2024

Do Not Publish