

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00113-CR

IN RE JAMIE LEE BLEDSOE

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relator, Jamie Lee Bledsoe, proceeding pro se, filed a petition for writ of mandamus. Because he (1) failed to provide this Court with a complete and adequate record and (2) failed to establish that he asked the trial court for any relief, we deny the petition.

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

A petitioner seeking mandamus relief must comply with the Texas Rules of Appellate Procedure. Among those requirements are attachment to the petition of "a certified or sworn

copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1). While Bledsoe included several attachments to his petition, not all of them are certified or sworn copies of documents filed with the trial court. Moreover, several of the attachments are illegible. As a result, Bledsoe has failed to provide a complete record as required by Rule 52.7(a)(1).[1] *See In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." (footnote omitted) (citations omitted)).

Additionally, while Bledsoe's petition complains of the State's use of enhancement allegations,[2] there is no indication that he asked the trial court for any relief. The relator is obligated to "provid[e] this Court with a sufficient record to establish [his] right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). As a result, the petition is insufficient to establish that the trial court abused its discretion.[3]

---

[1]*See* Tex. R. App. P. 52.7(a)(1).

[2]We addressed Bledsoe's complaints about the State's use of enhancement allegations on direct appeal. *See Bledsoe v. State*, No. 06-17-00174-CR, 2018 WL 2107249 (Tex. App.—Texarkana May 8, 2018, pet. ref'd) (mem. op., not designated for publication). There, we found that he failed to show, and the record did not "reflect, how the State's approximate three-week notice of its intent to enhance punishment prevented [him] from preparing his defense." *Id.* at *3.

[3]*See In re Welsh*, No. 07-23-00015-CV, 2023 WL 1967338, at *1 (Tex. App.—Amarillo Feb. 13, 2023, orig. proceeding) (per curiam) (mem. op.). "[T]he rules of appellate procedure require the petitioner to include, within the petition, 'a short conclusion that clearly states the nature of the relief sought.' Tex. R. App. P. 52.3(i). Praying we tell a jurist to simply 'do his or her job' falls outside the realm of clearly stating the nature of the relief sought." *Id.*

Because Bledsoe has not complied with the rules governing application for extraordinary relief, we deny his petition.

Scott E. Stevens
Chief Justice

Date Submitted:     July 23, 2024
Date Decided:       July 24, 2024

Do Not Publish