

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00129-CR
_____


IN RE GREGORY DEWAYNE NEWSON



Original Mandamus Proceeding



Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

Gregory DeWayne Newson, Relator, filed a petition for a writ of mandamus and for a writ of prohibition and asked this Court to compel the Honorable Christi Kennedy, sitting by assignment in the 124th Judicial District Court of Gregg County, Texas, Respondent, to rescind the portions of her order entered on July 18, 2024, permitting the State to examine Relator's experts on their opinions, reasons, and any underlying facts or data and compelling his experts to produce documents at the Rules 702 and 705 hearings scheduled in advance of trial. *See* TEX. R. EVID. 702, 705.[1] Because Relator has not shown himself entitled to relief, we deny his petition.

## I. Mandamus Standard

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require "but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re. State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding) (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from

---

[1] We have previously granted Relator's request for emergency relief and stayed the trial court's Rules 702 and 705 hearings scheduled for July 22–24, 2024.

a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

## II.    Background

Relator has been charged with capital murder and aggravated assault.  On October 11, 2023, the trial court entered a scheduling order in which it set the week of July 22, 2024, for *Daubert* hearings in this case.  At a June 27, 2024, hearing, the trial court set July 22–24, 2024, for the Rules 702 and 705 hearings and indicated that twelve expert witnesses for Relator and eleven expert witnesses for the State would be examined at those hearings.  On July 8, 2024, the State issued subpoenas duces tecum to thirteen of Relator's expert witnesses that required them to appear at the Rules 702 and 705 hearings and to produce

> [a]ll documents, notes, communications, tangible things, reports, models, raw data, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in forming an opinion in this case or in anticipation of the expert's testimony.  Also provide a copy of your CV, your fee schedule, hourly rate, and a breakdown of the amount you have billed or anticipate billing for your work on behalf of the defense in this case.

Relator asserts that he filed a motion to quash those subpoenas duces tecum.[2,3]  On July 18, 2024, the trial court issued its order regarding the conduct of the Rules 702 and 705

---

[2]Relator did not include the motion to quash in his appendix or any certified record.  *See* TEX. R. APP. P. 52.3(k)(1)(A) (requiring the appendix to contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); *see also* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").  "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief."  *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)).  Because Relator has not provided this Court with his motion to quash, we cannot determine what relief he asked of the trial court, or what he asserted in support of any relief requested.

[3]Although they were issued on July 8, counsel for Relator did not receive notice of the subpoenas duces tecum and what documents were to be produced until the end of that same week and filed his motion to quash on July 17.

3

hearings.[4,5]  The July 18 order provided that the witnesses at the Rules 702 and 705 hearings would "be examined on their qualifications (Rule 702) and their opinions, reasons, and any underlying facts or data (Rule 705)."  The order also stated that the trial court, "[i]n a separate order, . . . ha[d] designated the witnesses who w[ould] testify July 22-24, 2024,"[6] and excused any witness not named in the separate order from attending the hearings and from complying with the subpoenas duces tecum.

### III.    Analysis

Initially, Relator asserts that the trial court obviously failed to follow clearly controlling legal principles because, he argues, allowing Relator's expert witnesses to be examined on their opinions, reasons, and the underlying facts or data exceeds the scope of a *Daubert* hearing.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588–95 (1993); *Nenno v. State*, 970 S.W.2d 549, 560–61 (Tex. Crim. App. 1998), *overruled in part on other grounds by State v. Terrazas*, 4 S.W.3d 720 (Tex. Crim. App. 1999); *Kelly v. State*, 824 S.W.2d 568, 572–73 (Tex. Crim. App. 1992).  Rather, he argues that a *Daubert/Kelly* or *Nenno* hearing[7] is confined to Rule 702 and does not "presuppose plumbing the depths of [the] 'underlying facts or data' under Rule 705."

---

[4]The trial court's order recites that it considered Relator's motion to quash as to only one of the State's witnesses.

[5]Relator did not understand that the scope of the hearings would include his experts' opinions, reasons, and underlying facts or data until the trial court entered its July 18 order.  Relator's petition for a writ of mandamus and for a writ of prohibition was filed on July 19.

[6]The July 18 order also stated that "a copy [of the separate order was] attached [t]hereto as Exhibit A."  However, Exhibit A to the July 18 order was not contained in Relator's appendix or any certified record.  *See supra* n.2.

[7]"Reliability of expert opinion about scientific knowledge is assessed in different ways depending on whether the expert opinion is about a hard or soft science."  *Null v. State*, 690 S.W.3d 305, 311 (Tex. Crim. App. 2024) (citing *Kelly*, 824 S.W.2d at 572 (hard science); *Nenno*, 970 S.W.2d at 561 (soft science)).

However, the Texas Court of Criminal Appeals has recently noted that the inquiry into the reliability of expert testimony under Rule 702 also involves the underlying facts and data upon which the opinion of the expert is based. *See Null*, 690 S.W.3d at 312. In *Null*, the court noted that, "[u]nder Rule 702, facts or data underlying expert opinion, like expert opinions themselves, must be reliable. The reliability of underlying facts or data turns on whether the data provides a sufficient basis to support the opinions." *Id.* (citing TEX. R. EVID. 702, 705) (footnote omitted) (citations omitted).

The court also acknowledged the "overlap between [the court's] interpretation of Rule 702 requiring that the facts or data underlying expert opinion be reliable and Rule 705(c)'s sufficient-basis reliability requirement." *Id.* at 316 (citing TEX. R. EVID. 705(c)). It then noted that it "ha[s] suggested that Rule 705(c) is part of the Rule 702 reliability analysis, although [it] ha[s] never analyzed the issue in any depth." *Id.* at 317 (citing, e.g., *Vela v. State*, 209 S.W.3d 128, 133 (Tex. Crim. App. 2006); *Bekendem v. State*, 441 S.W.3d 295, 303 (Tex. Crim. App. 2014); *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020)). Nevertheless, although the court noted that "opponents of [an] expert opinion can object under both rules," it did not address whether Rule 705(c)'s sufficient-basis reliability requirement is an appropriate part of a pretrial *Daubert/Kelly* or *Nenno* hearing. *Id.*

Relator also argues that Rule 705 contemplates that any inquiry into the underlying facts and data will be done at trial, not at a pretrial hearing occurring months before trial, and that requiring his experts to produce the documents requested in the subpoenas duces tecum allows the State to engage in pretrial discovery of Relator's defense and mitigation strategies.

5

Rule 705(b) provides:

(b) **Voir Dire Examination of an Expert About the Underlying Facts or Data**. Before an expert states an opinion or discloses the underlying facts or data, an adverse party in a civil case may—or in a criminal case must—be permitted to examine the expert about the underlying facts or data. This examination must take place outside the jury's hearing.

TEX. R. EVID. 705(b). Although the rule requires the inquiry about the underlying facts or data to take place outside of the jury's hearing, it does not prohibit the inquiry from taking place pretrial. Further, the Texas Court of Criminal Appeals has recognized that a trial court has "discretionary authority to hold pretrial evidentiary hearings on preliminary matters that can, and should be, resolved expeditiously." *State v. Hill*, 499 S.W.3d 853, 866–67 (Tex. Crim. App. 2016).

Nevertheless, Relator has not cited, and we have not found, any controlling authority that has clearly addressed the extent to which the State may be entitled to pretrial discovery from a defendant. *See, e.g.*, *Washington v. State*, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993) (per curiam) (noting it "has stated in dicta that the State 'has no right of discovery into the defendant's case'" (quoting *Demouchette v. State*, 731 S.W.2d 75, 81 (Tex. Crim. App. 1986))). Neither has Relator cited any controlling authority that has clearly determined whether, in a criminal case, a Rule 705(b) hearing may be held before trial and, if so, how far in advance of trial a pretrial 705(b) hearing may be held.

Because Relator has not shown he has a clear right to the relief sought, we deny the petition for a writ of mandamus and for a writ of prohibition.

Charles van Cleef
Justice

Date Submitted:     August 1, 2024
Date Decided:       August 2, 2024

Do Not Publish