

# NUMBER 13-25-00166-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ORLANDO GONZALEZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relator Orlando Gonzalez seeks to compel the trial court to act on his application for relief under the Interstate Agreement on Detainers Act (IADA). *See* TEX. CODE CRIM. PROC. ANN. art. 51.14; *State v. Votta*, 299 S.W.3d 130, 135 (Tex. Crim. App. 2009). Relator's petition for writ of mandamus arises from trial court cause number CR-19-08123-B in the County Court at Law No. 2 of Hidalgo County,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Texas. The Court requested and received a response to the petition for writ of mandamus from the real party in interest, the State of Texas, acting by and through Toribio "Terry" Palacios, the Criminal District Attorney of Hidalgo County, Texas. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The State informs us that the charge against relator in trial court cause number CR-19-08123-B has been dismissed and it has provided us with a copy of the trial court's August 15, 2023 order dismissing the case. The State thus asserts that relator's request for the trial court to act upon his IADA application is moot and relator has received greater relief than that requested in this original proceeding.

The Court, having examined and fully considered the petition for writ of mandamus, the State's response, and the applicable law, is of the opinion that this original proceeding is moot. When there is "nothing to mandamus," as when a case becomes moot, then "mandamus does not lie." *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (quoting *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding)); *see In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.— Dallas 2020, orig. proceeding); *In re Evans*, 581 S.W.3d 431, 434 (Tex. App.—Texarkana 2019, orig. proceeding). Accordingly, we dismiss the petition for writ of mandamus as moot.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of May, 2025.

2