

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00123-CR

---

IN RE BRADLEY SHAVERS

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Relator, Bradley Shavers, proceeding pro se, filed a petition for a writ of mandamus, requesting this Court to direct the trial court to vacate a clarification order in favor of an earlier clarification order.

Taking Shavers's factual assertions as true, there are three trial court orders at issue: the original order, the first clarification order, and the second clarification order. All three orders concern a driving while intoxicated (DWI) prosecution of Shavers, and the impact on that prosecution of an August 7, 2025, habeas decision that vacated two prior DWI offenses, *see* TEX. PENAL CODE ANN. § 49.09(b) (Supp.), the impact being that the two prior DWI offenses were set aside via habeas and are no longer available to enhance the current DWI charge against Shavers to a felony. The three trial court orders were entered on successive days, August 18, 19, and 20, 2025. The first, *apparently*, dismissed the current felony DWI indictment without prejudice to the alleged conduct of Shavers being prosecuted with a misdemeanor DWI. "*Apparently*" because Shavers's petition describes the trial court's August 18 order, and the State's motion which led to it, but the record Shavers provided this Court contains neither that motion nor that order.[1] The trial court's August 19 order was entered at Shavers's request. It is that order Shavers would have this Court impose via mandamus. The trial court's August 20 order was entered at the State's request. It is that order Shavers would have this Court set aside via mandamus. Shavers implies, but does not expressly state, that the battle over the orders is worth having because the August 19 order would prohibit a misdemeanor prosecution of Shavers over

---

[1]Nor did Shavers provide the habeas decision itself.

the facts alleged in the indictment, whereas the August 20 order would permit a misdemeanor prosecution over the same facts. We need not address the purported effects of those orders to resolve Shavers's petition.

Legally, Shavers contends that the August 20 order is a nullity because, once the trial court signed the August 19 order, the trial court instantly and irrevocably lost jurisdiction. But *if* Shavers's legal argument has merit, a question arises: why isn't the August 19 order also a nullity because jurisdiction was instantly and irrevocably lost as a result of the August 18 order?[2] It appears then that assessing Shavers's argument would require examining the August 18 order, the motion which brought it about, and any hearing on that motion.

Shavers did not bring forward a record regarding the August 18 order.

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). "A clear right to [the

---

[2]A question we do not decide. There is, however, reason to doubt the soundness of Shavers's contention. *See Rubio v. State*, 638 S.W.3d 693, 703 (Tex. Crim. App. 2022) ("[I]f an original motion for new trial is overruled, a defendant may file an amended motion for new trial within the original 30-day period—so long as the trial court grants him leave of court to do so.").

requested] relief is shown when the facts and circumstances [require] but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

A petitioner seeking mandamus relief must comply with the Texas Rules of Appellate Procedure. Among those requirements, the petitioner must attach to the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1). While Shavers included several attachments to his petition, Shavers does not produce, inter alia, the State's motion to dismiss, the trial court's original order to dismiss, the prior Dallas County judgments, and the writ of habeas corpus vacating the prior judgments.

As a result, Shavers has failed to provide a complete record as required by Rule 52.7(a)(1). *See* Tex. R. App. P. 52.7(a)(1); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." (footnote omitted) (citations omitted)).

Accordingly, we deny Shavers's petition for a writ of mandamus.[3]


                                        Jeff Rambin
                                        Justice

Date Submitted:        August 28, 2025
Date Decided:          August 29, 2025

Do Not Publish

---

[3]In light of this resolution, we deny Shavers's motion for emergency relief as moot. Further, we do not reach the question of Shavers's candor in his submittals to the trial court.