

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00124-CR

IN RE MARCUS DEWAYNE SMITH

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Marcus Dewayne Smith, proceeding pro se, has filed a petition for a writ of mandamus. He claims to have submitted "filings" to the 6th Judicial District Court of Lamar County but has not presented this Court with any copies of any motions allegedly filed in the trial court. Because he has failed to file any record upon which relief can be granted, we deny Smith's request for extraordinary relief.

## I.      Standard of Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that:  (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law."  *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding).  To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act.  *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).  An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought."  *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)).  "Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."  *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

"A clear right to [the requested] relief is shown when the facts and circumstances [require] but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory,

2

constitutional, or case law sources), and clearly controlling legal principles.'" *In re. State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

A petitioner seeking mandamus relief must comply with the Texas Rules of Appellate Procedure. Among those requirements are attachment to the petition of "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Smith attached no documents establishing he had sought relief from the trial court and no other documents that might be relevant to his request. "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (footnote omitted) (citation omitted) (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding)).

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445–46 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)).

## II.     Smith is Not Entitled to Relief

Smith has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.  As a result, we deny Smith's petition for a writ of mandamus.[1]

                                        Scott E. Stevens
                                        Chief Justice

Date Submitted:      September 9, 2025
Date Decided:        September 10, 2025

Do Not Publish

---

[1]Smith also filed an emergency motion for a stay of all proceedings in the trial court pending our resolution of this matter.  We overrule that motion as moot.