

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00178-CR

---

IN RE KENDRICK LADELL STARLING

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Kendrick Ladell Starling has filed a petition for a writ of mandamus, asking this Court to compel the Honorable Brad Morin, presiding judge of the 71st Judicial District Court of Harrison County, Texas, to rule on various motions he claims to have filed. Because Starling failed to provide us with a sufficient record to establish his right to mandamus relief, we deny the mandamus petition.

## I.    Standard of Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as

distinguished from a ministerial act." *In re State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

## II.   Analysis

As relator, Starling bears the burden of providing this Court with a sufficient record to establish his entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also In re Norvell*, 610 S.W.3d 598, 600 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (per curiam) ("[I]t is fundamental that the court have a proper record before reaching the merits."); TEX. R. APP. P. 52.7(a)(1).   Among those requirements, a petitioner must attach to the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

While Starling has attached several documents that he claims were filed in the trial court, none bear district clerk file-stamps or are certified or sworn copies.   "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules.   Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (footnote omitted) (citations omitted) (citing *Walker*, 827 S.W.2d at 837). "'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding)

(alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)).

Starling has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief. For that reason, we deny Starling's petition for mandamus.

Scott E. Stevens
Chief Justice

Date Submitted:     November 19, 2025
Date Decided:       November 20, 2025

Do Not Publish